**NOT YET SCHEDULED FOR ORAL ARGUMENT**

# United States Court of Appeals
# for the District of Columbia Circuit

### No. 24-5084

ANDREW DUDT, MAJOR, U.S. ARMY,

*Plaintiff-Appellant,*

*v.*

DANIEL DRISCOLL,\* THE HONORABLE,
SECRETARY OF THE ARMY,

*Defendant-Appellee.*

_____

*On Appeal from the United States District Court for the District of Columbia
in No. 1:22-cv-02431-CJN, Honorable Carl J. Nichols, U.S. District Judge*

## FINAL BRIEF FOR PLAINTIFF-APPELLANT

DYLAN THAYER
  DC Bar No. 90015821
LAW OFFICES OF DAVID P. SHELDON, P.L.L.C.
100 M Street, SE, Suite 600
Washington, DC 20003
(202) 546-9575
davidsheldon@militarydefense.com

*Counsel for Plaintiff-Appellant*

March 14, 2025

_____

\* Here automatically substituted as a party in place of the previous officeholder, Christine E. Wormuth, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

## UNITED STATES COURT OF APPEALS FOR THE
## DISTRICT OF COLUMBIA CIRCUIT

No. 24-5084

MAJOR ANDREW DUDT,                                           *Appellant*,

    v.

DANIEL DRISCOLL, THE HONORABLE,
Secretary of the Army,                                       *Appellee*.

## APPELLANT'S CERTIFICATE AS TO
## PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rules 15(c)(3), 26.1 and 28(a)(1), counsel for Appellant certifies as follows:

### I.      Parties

The Appellant is Major Andrew Dudt, a Plaintiff in the District Court. The Appellee is Christine E. Wormuth, sued in her official capacity as Secretary of the Army and named as the Defendant in the District Court. There are no amicus curiae.

### II.      Ruling Under Review

At issue in this appeal is the Honorable Judge Carl J. Nichols' March 15, 2024, Memorandum Opinion and Order (a) granting the Defendant's Motion for Summary Judgment against the Plaintiff; and (b) denying the Plaintiff's Motion for Summary Judgment.

## III.    Related Cases

Undersigned counsel is not aware of any pending related cases.

Dated: March 14, 2025                Respectfully submitted,

*/s/  Dylan Thayer*
Dylan Thayer
DC Bar No. 90015821

*/s/David P. Sheldon*
David P. Sheldon
DC Bar No. 446039
Law Offices of David P. Sheldon, P.L.L.C.
100 M Street, S.E., Suite 600
Washington, DC  20003
Tel: 202.546.9575
Fax: 202.546.0135

*Attorneys for Appellant*

# UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-5084

MAJOR ANDREW DUDT,                                                          *Appellant*,

v.

DANIEL DRISCOLL, THE HONORABLE,
Secretary of the Army,                                                      *Appellee*.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rules of Appellate Procedure Rule 26.1(a), Appellant, Major Andrew Dudt, certifies that he is not a "corporation, association, joint venture, partnership, syndicate, or other similar entity" and that he therefore has no "parent companies" or other publicly-held companies with a 10% or greater ownership interest (such as stock or partnership shares).

Dated: March 14, 2025                    Respectfully submitted,

                                         */s/ Dylan Thayer*
                                         Dylan Thayer
                                         DC Bar No. 90015821

                                         /s/*David P. Sheldon*
                                         David P. Sheldon
                                         DC Bar No. 446039
                                         Law Offices of David P. Sheldon, P.L.L.C.
                                         100 M Street, S.E., Suite 600
                                         Washington, DC  20003
                                         Tel: 202.546.9575
                                         Fax: 202.546.0135

                                         *Attorneys for Appellant*

## TABLE OF CONTENTS

**Page**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ..............i

CORPORATE DISCLOSURE STATEMENT ...................................................... iii

TABLE OF AUTHORITIES ...................................................................................v

STATEMENT OF SUBJECT MATTER AND APPELLATE
      JURISDICTION ................................................................................1

STATEMENT OF THE ISSUE PRESENTED ON APPEAL .................................2

STATEMENT OF RELATED CASES AND PROCEEDINGS .............................3

STATEMENT OF THE CASE ...............................................................................4

      a.     The Advanced Source Operations Course ...........................................4

      b.     MAJ Dudt's Dismissal from ASOC........................................6

      c.     The Defense Intelligence Agency Office of the Inspector
           General Investigates ...............................................................10

      d.     Applying to the Correction Board......................................13

      e.     Federal Litigation ...............................................................14

SUMMARY OF THE ARGUMENT ....................................................17

ARGUMENT ...........................................................................................17

      I.     Statement of the Law..................................................17

           A.     Standard of Review – Decisions of Correction Boards
                Generally ...............................................................17

           B.     Correction Boards Must Address, or Explain Why
                They Are Not Addressing, Non-Frivolous Arguments
                Raised by an Applicant ...........................................19

      II.     The District Court Erred in Determining That the Correction
           Board Addressed Non-Frivolous Arguments Made by MAJ
           Dudt ...............................................................................22

CONCLUSION ...............................................................................30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Albino v. United States*,
    78 F. Supp. 3d 148 (D.D.C. 2015)........................................................... 20, 25

*Appleby v. Harvey*,
    517 F. Supp. 2d 253 (D.D.C. 2007)................................................................22

*Blanco v. Wormuth*,
    2023 WL 6809940 (D.D.C. October 16, 2023)............................................21

*Calloway v. Brownlee*,
    366 F. Supp. 2d 43 (D.D.C. 2005)..................................................... 20, 24, 25

*Clinton v. Goldsmith*,
    526 U.S. 529 (1999).......................................................................................18

*Coburn v. McHugh*,
    679 F.3d 924 (D.C. Cir. 2012)......................................................................18

*Dodson v. United States Gov't Dept. of Army*,
    988 F.2d 1199 (Fed. Cir. 1993) ....................................................................18

*Frizelle v. Pena*,
    1993 WL 548825 (D.D.C. 1993)............................................................. 20, 23

*Frizelle v. Slater*,
    111 F.3d 172 (D.D.C. 1997)....................................... 19, 20, 21, 22, 28, 30

*Haselwander v. McHugh*,
    774 F.3d 990 (D.C. Cir. 2014)......................................................................18

*Kreis v. Secretary of the Air Force*,
    866 F.2d 1508 (D.C. Cir. 1989)....................................................................17

*Manning v. Fanning*,
    211 F. Supp. 3d 129 (D.D.C. 2016)...................................................... 20, 25

*McKinney v. Wormuth*,
    5 F.4th 42 (D.C. Cir. 2021)................................................................... 19, 29

*Mori v. Dep't of the Navy*,
    917 F. Supp. 2d 60 (D.D.C. 2013)................................................................21

*Motor Vehicle Manufacturers' Association v.*
    *State Farm Mutual Automobile Insurance Company*,
    463 U.S. 29 (1983) ............................................................................ 19, 21, 26

*Mudd v. Caldera*,
    26 F. Supp. 2d 113 (D.D.C. 1998) ................................................................20

*Rempfer v. U.S. Dept. of Air Force Bd. for Correction of Military Records*,
    538 F. Supp. 2d 200 (D.D.C. 2008) ................................................................1

*Roberts v. Harvey*,
    441 F. Supp. 2d 111 (D.D.C.2006) ................................................................21

*Roelofs v. Secretary of Air Force*,
    628 F.2d 594 (D.C. Cir. 1980) .............................................................. 27, 28

*Roth v. United States*,
    378 F.3d 1371 (Fed. Cir. 2004) ................................................................18

*Rudo v. Geren*,
    818 F. Supp. 2d 17 (D.D.C. 2011) ....................................... 20, 23, 24, 25, 26

*Saint–Fleur v. McHugh*,
    83 F. Supp. 3d 149 (D.D.C. 2015) .................................................. 20, 22, 29

*Sanders v. United States*,
    219 Ct. Cl. 285 (1979) ................................................................19

*Tennekoon v. Fanning*,
    156 F. Supp. 3d 208 (D.D.C. 2016) .......................................... 21, 26, 27, 28

*White v. Secretary of Army*,
    878 F.2d 501 (D.C. Cir. 1989) ................................................................19

*Yee v. United States*,
    206 Ct. Cl. 388 (1975) ................................................................18

## Statutes & Other Authorities:

5 U.S.C. § 702 ................................................................1

5 U.S.C. § 706(2)(A) ................................................................18

10 U.S.C. § 1552 ................................................................1

10 U.S.C. § 1552(a) ................................................................18

28 U.S.C. § 1291 ................................................................................... 1

28 U.S.C. § 2401(a) ............................................................................. 1

Fed. R. App. P. 28(a)(4)(A)-(D) ....................................................... 1

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Pursuant to Federal Rule of Appellate Procedure 28(a)(4)(A)-(D), Appellant, MAJ Andrew Dudt, states as follows:

(A) The Army Board for the Correction of Military Records ("Correction Board") had jurisdiction over MAJ Dudt's application pursuant to 10 U.S.C. § 1552. The District Court, in turn, had jurisdiction over MAJ Dudt's complaint pursuant to 5 U.S.C. § 702.

The Board reached a decision on MAJ Dudt's application on June 11, 2021. MAJ Dudt filed his complaint on August 16, 2022, well within the applicable statute of limitations. *See* 28 U.S.C. § 2401(a); *Rempfer v. U.S. Dept. of Air Force Bd. for Correction of Military Records*, 538 F.Supp.2d 200, 206 (D.D.C. 2008).

(B) This Court has jurisdiction over this appeal from a final decision of the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1291.

(C) The District Court entered judgment on March 15, 2024. Appellant filed his Notice of Appeal on April 8, 2024.

(D) This appeal is from the judgment of the District Court entered on March 15, 2024, which is a final order or judgment that disposes of all parties' claims.

## **STATEMENT OF THE ISSUE PRESENTED ON APPEAL**

I.  Did the District Court err under the Administrative Procedure Act in concluding that the Army Board for the Correction of Military Records' denial of MAJ Andrew Dudt's application was not arbitrary and capricious when the Board failed to address the following non-frivolous, material issues: 1) MAJ Dudt's instructors selectively administered "room intrusion exercises," 2) the Army never placed MAJ Dudt on academic probation or provided retraining before dismissing him, in violation of Army guidance, and 3) MAJ Dudt's performance records were not properly signed?

## **STATEMENT OF RELATED CASES AND PROCEEDINGS**

This case has not previously been before the D.C. Circuit. Additionally, there is no other related case or proceeding completed, pending, or about to be presented to any state or federal court or agency. Finally, no previous or pending appeal before the D.C. Circuit arose out of this same case or proceeding.

## STATEMENT OF THE CASE

The facts of this appeal are undisputed by the parties, and concern MAJ Andrew Dudt's challenge under the Administrative Procedure Act ("APA") to the Army Board for the Correction of Military Records' ("Correction Board") June 2021 decision to deny all relief requested in his application.

### a.  The Advanced Source Operations Course.

From August 21, 2010, to November 19, 2010, MAJ Dudt, who was serving as a Commissioned Officer in the United States Army at the time, attended the Advanced Source Operations Course ("ASOC") at Fort Huachuca, Arizona. Joint Appendix ("J.A.") at 121. MAJ Dudt and the other students in the course were competitively selected based on experience, training, and future utility. J.A. at 121.

When MAJ Dudt attended ASOC, the course consisted of practical exercises and report writing interposed with minimal one-on-one instruction and classroom lectures. *See* J.A. at 122-131, 133-143. The practical exercises, the mainstay of the course, included complex and high-level role-playing scenarios in the conduct of human intelligence which included elements expected to be encountered in a hostile foreign counterintelligence environment, such as room intrusions, law enforcement stops, questioning, and similar experiences. *See* J.A. at 122-131, 133-143.

Each student was evaluated on their performance in hundreds of different situations and practical exercises. JA at 7, 10, 122-131, 133-143. For each evaluated

4

event, the student was assessed based on at least six criteria and assigned one of three colors to assess their performance: red (no go); amber (marginal go); and green (go). *See* J.A. at 133-143. The instructor who ran the exercise listed the grades in a "green sheet," a one-to-two-page document that was given to each student. *Id.* Students were explicitly discouraged from arguing the merits of the grade and, instead, were advised to be "thick skinned" and to "accept criticism." J.A. at 138. There were no objective standards or rubrics by which to judge a student's actions during a practical exercise. *See generally* J.A. at 122-131, 133-143. Instead, the evaluations were highly subjective, based solely on the opinion of the evaluator. *See generally* J.A. at 122-131, 133-143.

Students at ASOC were subjected to three closed-door, undocumented conferences where instructors would decide whether to retain or dismiss students. J.A. at 49; *see also* J.A. at 135, 142. These closed-door conferences had no approved written procedures and were commonly referred to as 'murder boards.' *Id.* The rigorous nature of the course, combined with the hundreds of events which comprised students' overall evaluations, meant that even the successful student inevitably experienced adverse feedback in at least some course events and course areas. *See* J.A. at 7, 49, 66-74, 135, 142, 177.

As a Defense Intelligence Agency entity, ASOC fell under the scope of Joint-Department of Defense training regulations and policies. J.A. at 111. The Student

Evaluation Plan and course handbook contained more specific standards for ASOC. J.A. at 111, *See generally* J.A. at 122-143. According to the Student Evaluation Plan, if a student received too many reds across all exercises, ASOC was required to inform the student, place him on academic probation, and provide re-training and re-testing before any consideration of course dismissal. *See* J.A. at 126: "Students showing poor performance in any common skill, or the inability to satisfactorily meet standards set forth in paragraph 5 of this [Student Evaluation Plan] are subject to academic probation." While on probation, the student "will be given mandatory remedial training in the form of counseling, additional instruction and practical exercise work as appropriate." *Id.* "Repeated or significantly poor performance in any standard…will result in retraining and retesting." J.A. at 21, 126. "[A]fter remedial training, if the consensus among the evaluators shows the student's performance does not meet standards [redacted] evaluation will decide whether the student is to continue in the course." *Id.* The ASOC Reference Handbook also provided that instructors "should not improvise additional challenges or provide significantly different information. Doing so can result in missing training objectives, and is not fair to the student." J.A. at 136.

### b. MAJ Dudt's Dismissal from ASOC.

MAJ Dudt was dismissed from ASOC in retaliation after he voiced concerns about the program's lack of security concerning classified information, and the

6

program's absence of formalized standards to assess student performance. *See* J.A. at 50-52. The murder board convened to dismiss MAJ Dudt lacked any written procedures, standards, or record. J.A. at 50-52, 115, 133-143, 286-291. MAJ Dudt was dismissed even though there was no indication he was struggling to meet course objectives. *See* J.A. at 50-52, 115, 133-143, 176-181. Most important, MAJ Dudt was not afforded the benefit of being placed on academic probation or given retraining for supposed testing failures. J.A. at 50-52, 115, 133-143, 176-181. In addition, the evaluation form for MAJ Dudt's dismissal was devoid of review by senior Army leadership, in contravention of Army regulations. JA at 50-52, 58-65, 175.

When MAJ Dudt started ASOC, he was already an experienced Department of Defense human intelligence instructor. *See* J.A. at 50. MAJ Dudt quickly identified several areas of concern at ASOC. *Id.* The course had no clear training standards and, more troublingly, was mishandling classified information. *Id.* MAJ Dudt voiced his concerns to his chain of command on several occasions. *Id.* Each time his concerns were dismissed. *Id.*

MAJ Dudt told other professional associates outside the course about his concerns about ASOC's mishandling of classified information. J.A. at 50. Only later did MAJ Dudt discover that course instructors had monitored these communications. *Id.*

7

On November 18, 2010, MAJ Dudt had completed all ASOC requirements. J.A. at 51. However, while completing his closeout tasks on the final day of the course, an evaluator informed MAJ Dudt that this evaluator intended to change one of MAJ Dudt's successful green sheets from a pass to a failure (red), although the evaluation had already been signed previously by MAJ Dudt and his instructor as a passing evaluation. *Id.*

Hours later, after his third murder board, MAJ Dudt was ordered to attend a closed-door counseling session. J.A. at 51. During this session, MAJ Dudt was informed that he was being dropped from the course for failure to meet course standards. *Id.* On paper, the dismissal was based on two "room intrusion" exercises, both of which had occurred a week or so prior. *Id.* Additionally, ASOC asserted that these room intrusion exercises were related to a previous border crossing exercise the month prior. *Id.* However, MAJ Dudt was not told how or why his performance during any of these exercises was deficient, nor was he ever offered any re-training, unlike other students in the class who had supposedly failed similar exercises and eventually passed after receiving the benefit of retraining. J.A. at 51, 52.

MAJ Dudt was ordered to sign a DA Form 1059 attesting that he had failed to achieve course standards (Box 11), unsatisfactorily demonstrated all five evaluated abilities (Box 12), and failed to demonstrate "the academic potential for selection to higher level schooling/training" (Box 13). J.A. at 51-52, 175. Army Regulation 623-

3, Evaluation Reporting System (Aug. 10. 2007) and Department of the Army Pamphlet 623-3, Evaluation Reporting System (Aug. 13, 2007) applied to the processing of DA Form 1059 during MAJ Dudt's time at ASOC. A DA Form 1059 which contained an "UNSAT" rating or indicated that the student "Failed to achieve course standards" is classified and processed as a referred report. Army Regulation 623-3, paragraph 3-35. Both the Rater and the Reviewing Officer were required to sign the document in the "authentication" section prior to the rated Soldier. Department of the Army Pamphlet 623-3, paragraph 4-2; *see also* Army Regulation 623-3, paragraph 3-37(f)(6) ("For AERs. The reviewer's signature and date will not be before the rater's. The rated Soldier may not sign or date the report before any other rating official.")

MAJ Dudt and then-ASOC Director Lon Castleton signed the DA Form 1059. J.A. at 52. Two months later, after the form was filed in his official on-line military file, MAJ Dudt learned that the Reviewing Officer, Human Intelligence Training Joint Center of Excellence Acting Commander Lieutenant Colonel Wallace, never signed the DA Form 1059. J.A. at 52. Under Army Regulation 623-3, paragraph 3-37(f)(6), LTC Wallace was required to sign the DA Form 1059, and to do so before MAJ Dudt signed.

The same day as his dismissal, MAJ Dudt immediately submitted a rebuttal memorandum, arguing that his dismissal was based on partial facts and biased

viewpoints, in contravention of academic training standards, and inequitable considering the circumstances. J.A. at 176-181. In his rebuttal memorandum, MAJ Dudt showed that ASOC's academic standards and guidance were so vague that there was no clear enforceable standard, rendering his removal under such standards unjust. J.A. at 176-181. Additionally, MAJ Dudt demonstrated that ASOC did not apply the practical exercises equally to all students, including the room intrusion exercise for which MAJ Dudt was dismissed. J.A. at 177-180. MAJ Dudt pointed out that some students were never administered a room intrusion exercise. J.A. at 177-180; *see also* J.A. at 117. Finally, MAJ Dudt demonstrated that he was never placed on academic probation nor given the opportunity for retraining and retesting, as is required by Department of Defense training standards. J.A. at 177-180.

ASOC leadership later alleged that the room intrusion exercises discussed in MAJ Dudt's memorandum were a "retest" of a prior border crossing exercise. J.A. at 178-179. While other students were given the benefit of feedback and retraining upon the completion of their first exercises, MAJ Dudt was never given this benefit. *Id.*

### c. The Defense Intelligence Agency Office of the Inspector General Investigates.

MAJ Dudt alerted the Department of Defense Office of the Inspector General ("DoD OIG") of his concerns over ASOC's mishandling of classified information, vague instruction standards, and MAJ Dudt's improper dismissal from the course.

*See* J.A. at 77, 108. In his complaint to the DoD OIG, MAJ Dudt alleged that not all course students had been given room intrusion exercises, that some of his grades had been altered by course instructors after they had been given, and that he was never placed on academic probation before his dismissal. *See* J.A. at 156, 166, 172-174. DoD OIG referred the case to the Defense Intelligence Agency Office of the Inspector General ("DIA OIG") which held the ultimate responsibility for final case determination. MAJ Dudt's complaints were bifurcated into separate investigations. J.A. at 77-107; 108-119.

On September 4, 2012, the DIA OIG published its report on the handling of classified information at ASOC. J.A. at 90-95. This report substantiated the majority of MAJ Dudt's allegations and reported highly critical findings of ASOC's mishandling of classified information. *See id.* The report recommended broad, sweeping changes to ASOC's fundamental operations. *See id.*

On November 13, 2012, the DIA OIG published its report on MAJ Dudt's allegations that not all course students had been given room intrusion exercises, that course instructors had altered some of his grades after the fact, and that he was never placed on academic probation before his dismissal. *See* J.A. 108-119, 156, 166, 172-174. While the DIA OIG's report vindicated MAJ Dudt by recommending changes in problematic areas he had identified, it inconsistently found that the "substance" of MAJ Dudt's allegations were "not substantiated." J.A. at 108.

In its November 13, 2012, report, the DIA OIG found that not all students were subjected to the room intrusion exercise and related exercises/training. J.A. at 117, 118 ("it was found that not all students received [room intrusion and related assessments]"), 119. The DIA OIG recommended that ASOC "include specific training examples in the [room intrusion and related] classes to ensure there is no doubt of what is expected of a student. Ensure that all students receive the same type and amount of [room intrusion and related assessments] unless it is a remedial training/assessment required to assess specific student performance." *Id.* at 117.

Additionally, the DIA OIG found that no written procedures existed for ASOC murder boards. J.A. at 115. The DIA OIG recommended that ASOC staff establish written board procedures. *Id.*

Finally, the DIA OIG recommended that ASOC management update its instructor guides to ensure that instructors receive all training necessary to maintain established standards and recommended that management "conduct oversight of instructor performance during courses to ensure they adhere to established standards." J.A. at 118.

Overall, the corrective recommendations in the November 13, 2012, DIA OIG Report strongly supported the contentions in MAJ Dudt's memorandum: that ASOC was highly subjective and operated with vague, undefined performance standards, that the murder boards lacked written procedures, and that room intrusion and related

12

exercises were arbitrarily applied to some students and not others. *Compare* J.A. at 115-119 *with* J.A. at 176-181. Yet despite substantiating MAJ Dudt's complaints about the program, the DIA OIG inconsistently concluded that "no evidence could be found to substantiate" MAJ Dudt's allegation that he had been improperly dismissed from ASOC. J.A. at 117.

### d. Applying to the Correction Board.

On September 8, 2016, MAJ Dudt applied to the Army Board for the Correction of Military Records ("Correction Board"). J.A. at 45. MAJ Dudt asked the Correction Board to modify his Academic Evaluation Report from ASOC to reflect that his performance in the course was satisfactory and that he graduated. J.A. at 58. In his application, MAJ Dudt argued that ASOC administrators 1) arbitrarily and selectively administered the room intrusion exercises, 2) violated the binding guidance of the Student Evaluation Plan by failing to put MAJ Dudt on academic probation and by failing to provide retraining prior to retesting MAJ Dudt and dismissing him from the course, and 3) violated Army Regulation 623-3, paragraph 3-37(f)(6), in the preparation of MAJ Dudt's Form DA 1059. J.A. at 58-65.

On May 16, 2019, the Correction Board declined to grant MAJ Dudt any relief. J.A. at 24. The Correction Board explained its decision by stating in full: "After reviewing the application and all supporting documents, the Board determined that relief was not warranted. Based upon the documentary evidence

13

presented by the applicant and found within the military record, the Board found insufficient evidence to show that the applicant was removed from the course improperly. The record shows that applicant was not meeting course standards in many areas. For that reason, the Board recommended denying the applicant's request." J.A. at 28.

However, because the Correction Board failed to consider MAJ Dudt's reply to an advisory opinion provided to the Correction Board, the Correction Board reconsidered MAJ Dudt's application. J.A. at 5-18, 20. On June 11, 2021, the Correction Board again denied MAJ Dudt's application. J.A. at 4. The Correction Board explained its decision by stating in full, "After reviewing the application and all supporting documents, the Board found that relief was not warranted. The Board carefully considered the applicants [sic] request, supporting documents, evidence in the records and regulatory guidance. The Board considered the counsel's statement, the applicant's military service record and documents provided by the applicant counsel. Based on a preponderance of evidence, the Board determined that the DA Form 1059 (Service School Academic Evaluation Report (AER)) for the period 21 August 2010 through November 2010 received was not in error or unjust. Therefore, the Board denied relief." J.A. at 15.

### e. Federal Litigation.

Following the Correction Board's denial, MAJ Dudt filed suit against the

Secretary of the Army in the District Court for the District of Columbia on August 16, 2022, alleging that the Correction Board's June 2021 and May 2019 decisions were arbitrary and capricious. J.A. at 182. MAJ Dudt pointed to three non-frivolous arguments which the Correction Board neither addressed or explained why it was not addressing: 1) MAJ Dudt's instructors during ASOC selectively administered room intrusion exercises, 2) the Army never placed MAJ Dudt on academic probation or provided retraining before dismissing him in violation of its own guidance, and 3) the Army violated Army Regulation 623-3, paragraph 3-37(f)(6), in the preparation of MAJ Dudt's Form DA 1059. J.A. at 58-65, 194-197.

Both the Secretary and MAJ Dudt cross-moved for summary judgment. J.A. at 200-247. On March 15, 2024, the District Court granted the Secretary's motion and denied MAJ Dudt's cross-motion. J.A. at 266. Responding to MAJ Dudt's argument that the Correction Board did not consider his non-frivolous arguments, the District Court determined that the Correction Board "acknowledged those arguments to the limited extent that [MAJ] Dudt raised them in his request for the [Correction] Board to reconsider its [May 2019] decision…and explained that [MAJ] Dudt had not established by a preponderance of the evidence that his records were erroneous or that there was any basis for the [June 2021] Board to amend its initial decision." J.A. at 267. The District Court repeatedly referenced the "weakness of [MAJ] Dudt's claims" and stated that "there was extensive evidence that Dudt's

15

performance on the Course was deficient even though course instructors had given him additional training. *See, e.g.*, A.R. 145–56 (results of investigation into Dudt's complaints); *see also* A.R. 44, 46–47 (Board's acknowledgment of this evidence). And Dudt's request for the Board to reconsider its decision included additional evidence that only further confirmed this conclusion. *See* A.R. 53–54 (advisory opinion from the military); *see also* A.R. 7–8 (Board's acknowledgment of this evidence)." J.A. at 268.

The District Court further determined that the June 2021 Correction Board had held that MAJ Dudt's allegations "were not serious enough to cause [the Correction Board] to reconsider its previous conclusion that any issues [MAJ Dudt] faced during the course were harmless in light of the evidence that he "was not meeting course standards in many areas," A.R. 47." J.A. at 268. The District Court also incorrectly stated that MAJ Dudt had "abandoned" his argument that his records should be corrected for "failing to comply with the requirements of [Army Regulation] 623-3." J.A. at 267; *see, e.g.,* J.A. at 261, 262. In its decision, the District Court did not determine that any of MAJ Dudt's arguments were frivolous. J.A. at 267, 268.

MAJ Dudt filed his notice of appeal on April 8, 2024. On May 28, 2024, the Secretary filed her motion for summary affirmance. On June 5, 2024, MAJ Dudt filed his response in opposition to the Secretary's motion for summary affirmance.

The Secretary made a reply on June 26, 2024. On September 18, 2024, this honorable Court, by *per curiam* order, denied the Secretary's motion for summary affirmance.

MAJ Dudt now comes with his principal brief.

## SUMMARY OF THE ARGUMENT

A Correction Board is required to address, or explain why it is not addressing, an applicant's non-frivolous arguments. In both May 2019 and June 2021, however, the Correction Board neither addressed, nor explained why it did not address, MAJ Dudt's non-frivolous arguments that ASOC administrators 1) arbitrarily and selectively administered the room intrusion exercises, 2) violated the binding guidance of the Student Evaluation Plan by failing to put MAJ Dudt on academic probation and by failing to provide retraining prior to retesting MAJ Dudt and dismissing him from the course, and 3) violated Army Regulation 623-3, paragraph 3-37(f)(6), in the preparation of his Form DA 1059. The District Court erred in determining that the Correction Board addressed MAJ Dudt's three non-frivolous arguments. This Court should reverse and remand to the Correction Board.

## ARGUMENT

## I.    Statement of the Law

### A.    Standard of Review – Decisions of Correction Boards Generally.

The Secretary of a military department, through a Correction Board, is authorized to act "'when he considers it necessary to correct an error or remove an injustice.'" *Kreis v. Secretary of the Air Force,* 866 F.2d 1508, 1513 (D.C. Cir. 1989)

17

(quoting 10 U.S.C. § 1552(a)). When reviewing a grant of summary judgment in connection with the appeal of a Correction Board's decision, the D.C. Circuit reviews the Correction Board's decision *de novo*, "with no particular deference to the judgment of the District Court." *Haselwander v. McHugh*, 774 F.3d 990, 996 (D.C. Cir. 2014), *quoting Coburn v. McHugh,* 679 F.3d 924, 929 (D.C. Cir. 2012).

A decision by a Correction Board must be set aside if the decision is determined to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see Clinton v. Goldsmith,* 526 U.S. 529, 539 (1999); *see also Haselwander*, 774 F.3d at 996. Correction Boards "have a duty to determine whether there has been error or injustice and, if there has been, to grant thorough and fitting relief." *Dodson v. United States Gov't Dept. of Army*, 988 F.2d 1199, 1204 (Fed. Cir. 1993). "When a Correction Board "fails to correct an injustice clearly presented in the record before it, it is acting in violation of its mandate. And such a violation, contrary to the evidence, is arbitrary and capricious." *Yee v. United States*, 206 Ct.Cl. 388, 397 (1975). Correction Boards "have an abiding moral sanction to determine, insofar as possible, the true nature of an alleged injustice and to take steps to grant thorough and fitting relief." *Yee*, 206 Ct.Cl. at 398; *see also Roth v. United States*, 378 F.3d 1371, 1381 (Fed. Cir. 2004) (Secretary obligated not only to determine the nature of any error or injustice, but to take "such corrective action as will appropriately and fully erase such error or compensate such injustice");

18

*Sanders v. United States*, 219 Ct.Cl. 285, 299 (1979) (holding that the Secretaries of the military departments, acting through Correction Boards, have not only the "power" but also the "duty" to correct injustice.)

A party seeking review of a Correction Board's decision must overcome "the strong but rebuttable presumption that administrators of the military…discharge their duties correctly, lawfully, and in good faith," *Frizelle v. Slater*, 111 F.3d 172, 177 (D.D.C. 1997), and federal courts review Correction Board decisions to determine whether "the Board's decision-making process was deficient, not whether its decision was correct." *McKinney v. Wormuth*, 5 F.4th 42, 46 (D.C. Cir. 2021) (internal citations omitted). But courts have not hesitated to hold that Correction Boards that fail to adhere to their statutory duties have acted arbitrarily and capriciously. *See, e.g., White v. Secretary of Army,* 878 F.2d 501, 505 (D.C. Cir. 1989).

> ### B.     Correction Boards Must Address, or Explain Why They Are Not Addressing, Non-Frivolous Arguments Raised by an Applicant.

A Correction Board's decision is considered arbitrary and capricious when it "entirely fail[s] to consider an important aspect of the problem" presented in an application. *See Motor Vehicle Manufacturers' Association v. State Farm Mutual Automobile Insurance Company*, 463 U.S. 29, 43 (1983). A Correction Board entirely fails to consider an important part of the problem presented in an application if the Correction Board either does not address, or does not explain why it is not

19

addressing, non-frivolous arguments raised by an applicant. *See, e.g., Frizelle,* 111 F.3d at 177; *Saint–Fleur v. McHugh*, 83 F.Supp.3d 149, 155 (D.D.C. 2015); *Rudo v. Geren*, 818 F. Supp. 2d 17, 26-7 (D.D.C. 2011); *Calloway v. Brownlee*, 366 F. Supp. 2d 43, 55 (D.D.C. 2005); *Mudd v. Caldera*, 26 F.Supp.2d 113, 120-123 (D.D.C. 1998).

A decision by a Correction Board which either "completely ignores" or "fails to acknowledge…most of the arguments" made by an applicant is arbitrary and capricious. *Frizelle v. Pena,* 1993 WL 548825 at *4 (D.D.C. 1993). "It is not enough for the board merely to acknowledge that an argument exists…or to identify a plaintiff's non-frivolous arguments without responding to them, either by addressing the arguments' merits or explaining why they need not be addressed." *Manning v. Fanning,* 211 F.Supp.3d 129, 138 (D.D.C. 2016) (citing *Rudo*, 818 F. Supp. 2d at 26-7 and quoting *Albino v. United States,* 78 F.Supp.3d 148, 167 (D.D.C. 2015)). In *Calloway,* the Court held that a Correction Board's decision was arbitrary and capricious because the Correction Board did not respond to the plaintiff's non-frivolous argument, although the Court admitted it was "not entirely clear" that the plaintiff had even made the argument in question before the Correction Board. *See* 366 F. Supp. 2d at 55. In *Rudo,* the Court held that a mere reference to a non-frivolous argument does not suffice; a Correction Board must address the "argument in its discussion or explain[] why it chose not to address it." *Rudo*, 818 F. Supp. 2d

20

at 26-7. *See also Blanco v. Wormuth*, 2023 WL 6809940 at *6 (D.D.C. October 16, 2023) (holding that a Correction Board "acknowledged many of Plaintiff's arguments only to fail to address or resolve those arguments in any discernible way in its analysis").

Because "an agency's action must be upheld, if at all, on the basis articulated by the agency itself," a Correction Board's failure to address, or failure to explain why it need not address, non-frivolous arguments raised by an applicant may not be bolstered by a district court's *post hoc* rationalizations. *Tennekoon v. Fanning,* 156 F.Supp.3d 208, 219 (D.D.C. 2016) (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 50). For this reason, a district court's decision that a Correction Board has reviewed an applicant's arguments and determined that they are "trivial" must be supported by some "discussion" of the arguments themselves in the Correction Board's decision. *See Frizelle,* 111 F.3d at 178. Similarly, a Correction Board that meets an applicant's argument with silence has failed to consider that argument. *Tennekoon,* 156 F.Supp.3d at 218. *See also Roberts v. Harvey*, 441 F.Supp.2d 111, 122 (D.D.C.2006) (remanding where a Correction Board "failed to grapple with what appears to be a substantial issue"); *Mori v. Dep't of the Navy*, 917 F.Supp.2d 60, 64 (D.D.C.2013) ("By not discussing plaintiff's evidence, the Secretary leaves plaintiff and the Court to scratch their heads as to why the Secretary found plaintiff's evidence unpersuasive").

21

If a Correction Board fails to address, or fails to explain why it has not addressed, arguments "which do not appear frivolous on their face and could affect the Board's ultimate disposition," a reviewing court must remand the application to the Correction Board to consider the argument. *Appleby v. Harvey,* 517 F.Supp.2d 253, 266 (D.D.C. 2007) (quoting *Frizelle*, 111 F.3d at 177). *See also Saint-Fleur,* 83 F.Supp.3d at 157-158 (holding that because the parties' briefing did not adequately substantiate that the applicant's argument was frivolous, the proper course was a remand to the Correction Board).

## II.    The District Court Erred in Determining That the Correction Board Addressed Non-Frivolous Arguments Made by MAJ Dudt.

The June 2021 Correction Board neither addressed, nor explained why it need not address, MAJ Dudt's non-frivolous arguments that ASOC administrators 1) arbitrarily and selectively administered the room intrusion exercises, 2) violated the binding guidance of the Student Evaluation Plan when they failed to put MAJ Dudt on academic probation and failed to provide retraining prior to retesting MAJ Dudt and dismissing him from the course, and 3) violated Army Regulation 623-3, paragraph 3-37(f)(6), in the preparation of his Form DA 1059. *See* J.A. at 15, 28, 46-65; *see also Frizelle,* 111 F.3d at 177. The District Court incorrectly determined that these non-frivolous arguments were addressed by the Correction Board's May 2019 decision. J.A. at 267, 268. This Court should reverse and remand to the Correction Board. *See Frizelle*, 111 F.3d at 177 (reviewing court must remand application to

the Correction Board when Correction Board has failed to consider arguments "which do not appear frivolous on their face and could affect the Board's ultimate disposition").

The June 2021 Correction Board explained its decision by stating in full: "After reviewing the application and all supporting documents, the Board found that relief was not warranted. The Board carefully considered the applicants [sic] request, supporting documents, evidence in the records and regulatory guidance. The Board considered the counsel's statement, the applicant's military service record and documents provided by the applicant counsel. Based on a preponderance of evidence, the Board determined that the DA Form 1059 (Service School Academic Evaluation Report (AER)) for the period 21 August 2010 through November 2010 received was not in error or unjust. Therefore, the Board denied relief." J.A. at 15.

This statement by the June 2021 Correction Board "completely ignore[d]" or "fail[ed] to acknowledge" MAJ Dudt's arguments. J.A. at 15, 28; *Frizelle,* 1993 WL 548825 at *4. Even the District Court conceded that this explanation did not fulfill the Correction Board's obligation to address, or explain why it need not address, MAJ Dudt's arguments. J.A. at 267; *see Rudo,* 818 F. Supp. 2d at 26-7.

The District Court nonetheless determined that the June 2021 Correction Board did in fact "acknowledge[]" MAJ Dudt's "arguments to the limited extent that [MAJ] Dudt raised them in his request for the [Correction] Board to reconsider its

23

[May 2019] decision…and explained that [MAJ] Dudt had not established by a preponderance of the evidence that his records were erroneous or that there was any basis for the [June 2021] Board to amend its initial [May 2019] decision" in May 2019. J.A. at 267. Thus, the District Court relied upon the May 2019 Correction Board's decision to show that the June 2021 Correction Board addressed MAJ Dudt's arguments. J.A. at 267.

But the District Court's assessment that the May 2019 Correction Board addressed MAJ Dudt's arguments is incorrect. The May 2019 Correction Board explained its decision by stating in full, "After reviewing the application and all supporting documents, the Board determined that relief was not warranted. Based upon the documentary evidence presented by the applicant and found within the military record, the Board found insufficient evidence to show that the applicant was removed from the course improperly. The record shows that applicant was not meeting course standards in many areas. For that reason, the Board recommended denying the applicant's request." J.A. at 28.

The Correction Board's cursory statements here do not address or even acknowledge the arguments advanced by MAJ Dudt. *See Rudo,* 818 F. Supp. 2d at 26-7; *Calloway,* 366 F. Supp. 2d at 55; J.A. at 28. As in *Calloway,* noticeably lacking from the May 2019 Correction Board's decision is any acknowledgment of MAJ Dudt's arguments that 1) his room intrusion exercises had been administered

24

arbitrarily and selectively, 2) ASOC instructors violated the binding guidance of the Student Evaluation Plan by failing to put MAJ Dudt on academic probation and by failing to provide retraining prior to retesting MAJ Dudt and dismissing him from the course, and 3) ASOC instructors violated Army Regulation 623-3, paragraph 3-37(f)(6), in the preparation of his Form DA 1059. *See* 366 F. Supp. 2d at 55; J.A. at 28; *see also Manning,* 211 F.Supp.3d at 138; *Rudo*, 818 F. Supp. 2d at 26-7; *Albino,* 78 F.Supp.3d at 167. Yet unlike in *Calloway,* where there was some question as to whether the plaintiff had even raised an argument, the District Court held that MAJ Dudt had in fact brought these arguments to the Correction Board's attention. *See* 366 F. Supp. 2d at 55; J.A. at 267.

The only statement made by the May 2019 Correction Board to support its decision was its contention that MAJ Dudt "was not meeting course standards in many areas." J.A. at 28. But this statement does not reference any of MAJ Dudt's arguments 1) that his room intrusion exercises had been administered arbitrarily and selectively, 2) that ASOC instructors violated the binding guidance of the Student Evaluation Plan by failing to put MAJ Dudt on academic probation and by failing to provide retraining prior to retesting MAJ Dudt and dismissing him from the course, and 3) violated Army Regulation 623-3, paragraph 3-37(f)(6), in the preparation of his Form DA 1059. *See* J.A. at 28. Nor does it refute these arguments by implication. MAJ Dudt could conceivably have been falling short of "course standards in many

areas", and yet suffered an injustice requiring correction because he was treated arbitrarily by course instructors, not granted the appropriate probationary period or given the proper retraining prior to retesting, and not given the appropriate protections of Army Regulation 623-3, paragraph 3-37(f)(6). *See* J.A. at 46-65. The arbitrary treatment by course instructors, lack of an appropriate probationary period, and absence of proper retraining prior to retesting all impacted MAJ Dudt's ability to meet course standards. *See* J.A. at 50-52, 176-181; *see also* J.A. at 115, 117, 133-143. But the Correction Board never addressed the possibility that MAJ Dudt's arguments demonstrated that he had suffered an injustice requiring correction, nor did it explain why it did not need to address this possibility. *See* J.A. at 28.

"[A]n agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 50. Yet here, the District Court impermissibly bolstered the Correction Board's decision with *post hoc* rationalizations to make the Correction Board's decision compliant with the requirement that the Correction Board consider all non-frivolous arguments. *See Tennekoon,* 156 F.Supp.3d at 219; *Rudo,* 818 F. Supp. 2d at 26-7; J.A. at 267, 268. The District Court's attempts fail.

The District Court twice asserted that MAJ Dudt's claims were "weak" without a citation to any portion of the administrative record that demonstrated why the District Court believed this to be the case. *See* J.A. at 267, 268. The District Court

did state that "there was extensive evidence that Dudt's performance on the Course was deficient even though course instructors had given him additional training. *See, e.g.*, A.R. 145–56 (results of investigation into Dudt's complaints); *see also* A.R. 44, 46–47 (Board's acknowledgment of this evidence). And Dudt's request for the Board to reconsider its decision included additional evidence that only further confirmed this conclusion. *See* A.R. 53–54 (advisory opinion from the military); *see also* A.R. 7–8 (Board's acknowledgment of this evidence)." J.A. at 268. However, the District Court's argument fails to consider the contrary evidence MAJ Dudt provided that showed his room intrusion exercises had been administered arbitrarily and selectively and that ASOC instructors violated the binding guidance of the Student Evaluation Plan when they failed to put MAJ Dudt on academic probation and failed to provide retraining prior to retesting MAJ Dudt. *See* J.A. 7, 8, 10, 21, 46-65, 115, 117, 118, 119, 136, 156, 166, 172-174, 177-180. More importantly, the District Court's argument about the weakness of MAJ Dudt's claims has no bearing on whether the May 2019 Correction Board properly considered MAJ Dudt's arguments. The District Court's *post hoc* rationalization for the May 2019 Correction Board's decision is entitled to no deference. *See Roelofs v. Secretary of Air Force,* 628 F.2d 594, 604 (D.C. Cir. 1980); *Tennekoon,* 156 F.Supp.3d at 219.

The District Court also asserted that the June 2021 Correction Board determined that MAJ Dudt's allegations "were not serious enough to cause [the

Correction Board] to reconsider its previous conclusion that any issues [MAJ Dudt] faced during the course were harmless in light of the evidence that he was not meeting course standards in many areas." J.A. at 268. But the District Court's determination that the June 2021 Correction Board reviewed MAJ Dudt's arguments and determined that they were "trivial" is impermissible, because this determination is not supported by any "discussion" of the arguments themselves in the Correction Board's June 2021 decision. *See Frizelle,* 111 F.3d at 178; J.A. at 15, 28. The June 2021 Correction Board did not use any of the language indirectly attributed to it by the District Court. *Compare* J.A. at 15 *with* J.A. at 268. Instead, the June 2021 Correction Board passed over MAJ Dudt's arguments in silence – meaning that the Correction Board failed to consider them. J.A. at 15; *see Tennekoon,* 156 F.Supp.3d at 218. Again, the District Court's *post hoc* rationalizations for the Correction Board's decision are entitled to no deference here. *See Roelofs,* 628 F.2d at 604; *Tennekoon,* 156 F.Supp.3d at 219.

Even if this Court were to assume that the District Court is correct that the May 2019 and June 2021 Correction Board in fact concluded that MAJ Dudt's claims were "weak" and that his allegations  "were not serious enough to cause [the Correction Board] to reconsider its previous conclusion that any issues [MAJ Dudt] faced during the course were harmless in light of the evidence that he was not meeting course standards in many areas", this would still not address the injustice

28

requiring correction presented in MAJ Dudt's application. *See* J.A. at 268. The injustice, as mentioned above*,* is that even if MAJ Dudt was falling short of course standards, he was also treated arbitrarily by course instructors, not granted the appropriate official probationary period or given the proper retraining prior to retesting, and not given the appropriate protections of Army Regulation 623-3, paragraph 3-37(f)(6). *See* J.A. at 46-65. Furthermore, the arbitrary treatment by course instructors, lack of an appropriate probationary period, and absence of proper retraining prior to retesting all impacted MAJ Dudt's ability to meet course standards. *See* J.A. at 50-52, 115, 117, 133-143, 286-291. Yet neither the May 2019 Correction Board nor the June 2021 Correction Board acknowledged MAJ Dudt's arguments, much less provided a coherent, discernable explanation of whether MAJ Dudt's arguments showed that he had suffered an injustice. *See* J.A. at 15, 28; *see also McKinney*, 5 F.4th at 45 (requiring "sufficient clarity…to discern the [Correction] Board's rationale").

Finally, the District Court did not determine that any of MAJ Dudt's arguments were frivolous. J.A. at 267, 268. The only excuse for a Correction Board's failure to address, or explain why it need not address, an applicant's arguments is if the arguments are facially frivolous. *See Saint-Fleur,* 83 F.Supp.3d at 157-158. The District Court's failure to find any of MAJ Dudt's arguments frivolous removes any

possible justification for the District Court's holding that the Correction Board properly considered MAJ Dudt's arguments. J.A. at 267, 268.

The District Court held that the June 2021 Correction Board's decision was permissible because it relied on the May 2019 Correction Board's decision. J.A. at 267, 268. Yet the May 2019 Correction Board's decision failed to address, or explain why it need not address, MAJ Dudt's non-frivolous arguments. Therefore, the District Court erred in determining that the Correction Board addressed the non-frivolous arguments made by MAJ Dudt. J.A. at 267, 268. The appropriate remedy is for this Court to remand MAJ Dudt's application to the Correction Board so that the Correction Board may properly consider his arguments that ASOC administrators 1) arbitrarily and selectively administered the room intrusion exercises, 2) violated the binding guidance of the Student Evaluation Plan by failing to put MAJ Dudt on academic probation and by failing to provide retraining prior to retesting MAJ Dudt and dismissing him from the course, and 3) violated Army Regulation 623-3, paragraph 3-37(f)(6), in the preparation of his Form DA 1059. J.A. at 15; *see Frizelle*, 111 F.3d at 177.

## CONCLUSION

For the reasons given above, the Correction Board's denial of MAJ Andrew Dudt's application was arbitrary and capricious because the Correction Board failed to address the following non-frivolous, material issues: 1) MAJ Dudt's instructors

30

selectively administered "room intrusion exercises," 2) the Army never placed MAJ Dudt on academic probation or provided retraining before dismissing him, in violation of Army guidance, and 3) MAJ Dudt's performance records were not properly signed. The District Court erred in determining that the Correction Board addressed the non-frivolous arguments made by MAJ Dudt. This Court should reverse.

Dated: March 14, 2025                    Respectfully submitted,

                                         */s/ Dylan Thayer*
                                         Dylan Thayer
                                         DC Bar No. 90015821

                                         /s/*David P. Sheldon*
                                         David P. Sheldon
                                         DC Bar No. 446039
                                         Law Offices of David P. Sheldon, P.L.L.C.
                                         100 M Street, S.E., Suite 600
                                         Washington, DC  20003
                                         Tel: 202.546.9575
                                         Fax: 202.546.0135

                                         *Attorneys for Appellant*

## <u>CERTIFICATION OF COMPLIANCE</u>

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i). This brief contains 6,861 words.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 365 version of Microsoft Word in 14 point Times New Roman font.

This brief complies with the electronic filing requirements of Circuit Rule 25 and Fed. R. App. P. 25. The text of this electronic brief is identical to the text of the paper copies filed on March 12, 2025. Vipre Virus Protection, version 3.1, has been run on the file containing the electronic version of this brief, and no viruses have been detected.

Dated: March 14, 2025                   */s/ Dylan Thayer*

                                        Dylan Thayer
                                        DC Bar No. 90015821
                                        Law Offices of David P. Sheldon, P.L.L.C.
                                        100 M. St. SE, Suite 600
                                        Washington, DC 20003
                                        Tel: 202.546.9575
                                        Fax: 202.546.0135
                                        *Attorney for Appellant*

## <u>CERTIFICATE OF SERVICE</u>

I, David P. Sheldon, hereby certify that I electronically filed the foregoing

Brief for Appellant on March 14, 2025 on the Court's electronic filing system,

where it is available for printing and viewing.

Dated: March 14, 2025                  */s/ Dylan Thayer*

                                       Dylan Thayer
                                       DC Bar No. 90015821
                                       Law Offices of David P. Sheldon, P.L.L.C.
                                       100 M. St. SE, Suite 600
                                       Washington, DC 20003
                                       Tel: 202.546.9575
                                       Fax: 202.546.0135
                                       *Attorney for Appellant*

33